# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

William A White

)
)
)
)
)

*Plaintiff/Petitioner(s)*

v.

Department of Homeland Security
US Postal Service
Secret Service
Civil Rights Division
Federal Bureau of Investigation

)
)
)
)
)
)
)

Case Number: 19-210-SMY-RJD

(Clerk's Office will provide)

❏ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☒ CIVIL COMPLAINT
pursuant to the ~~Federal Tort Claims Act,~~
~~28 U.S.C. §§1346, 2671-2680,~~ or other law

5 USC §552/552a, 5 USC §701 et seq

## I.   JURISDICTION

**Plaintiff:**

A.   Plaintiff's mailing address, register number, and present place of confinement.

William A White #13888-084
USP-Marion
PO Box 1000
Marion, Il 62959

**Defendant #1:**

B.   Defendant __Department of Homeland Security__ is employed as
             (a)        (Name of First Defendant)

__cabinet-level department of the US federal government__
             (b)        (Position/Title)

with  __245 Murray Lane SW STOP-0655__
             (c)        (Employer's Name and Address)

        __Washington, DC 20528-0655__

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes   ❏ No

If your answer is YES, briefly explain:

Cabinet-level department of the US federal government.

(Rev. 7/2010)                    1

Defendant #2:

C.   Defendant  US Postal Service                              is employed as

(Name of Second Defendant)

 division of the US federal government

(Position/Title)

with  475 L'Enfant Plaza SW Room 1P830

(Employer's Name and Address)

      Washington, DC 20260

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes     ☐ No

If you answer is YES, briefly explain:

 division of the US federal government

**Additional Defendant(s) (if any):**

D.   Using the outline set forth above, identify any additional Defendant(s).

Secret Service -- 245 Murray Lane SW Building T-5 Washington, DC, 20223

Civil Rights Division -- 601 D St NW Washington, DC 20530

Federal Bureau of Investigation -- 170 Marcel Drive Winchester, VA 22602

II.   PREVIOUS LAWSUITS

    A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?  ☒ Yes   ☐ No

    B.   If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

       1.   Parties to previous lawsuits:
           Plaintiff(s):
              as attached

           Defendant(s):
              as attached

       2.   Court (if federal court, name of the district; if state court, name of the county):
              as attached
       3.   Docket number:
              as attached
       4.   Name of Judge to whom case was assigned:
              as attached
       5.   Type of case (for example: Was it a habeas corpus or civil rights action?):
              as attached

       6.   Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?):
              as attached

       7.   Approximate date of filing lawsuit:
              as attached
       8.   Approximate date of disposition:
              as attached

LITIGATION HISTORY -- updated 2/10/2019
---------------------------------------

??? 1997:   White v New D Md Case No Unknown

            *§1983 action against four Montgomery County, Maryland, police
            officers

            *  summary judgment for defendants

Dec 2005:   White v Haines 2005 US Dist LEXIS 33688 (WD Va 2005)

            *  counseled Bivens claims against three HUD employees

            *  dismissed without prejudice

??? 2005:   counseled claims against Bank of America, Citibank, and,
            Chase Bank for contract violations WD Va case no unknown

            *  all settled favorably

Dec 2007:   United States v Henry ED Va 07-cv-342

            *  third party subpoena action

            *  subpoenas withdrawn in part, protective order entered WD Va
               08-mj-012 Mar 12 2008

            *  charged with contempt In Re: White (United States v Henry)
               2013 US Dist LEXIS 133148 (ED Va 2013)

               *  dismissed repeatedly, appealed repeatedly by plaintiffs
                  Mar 1 2008 to 2013

            *  charged with contempt United States v Henry 2008 US Dist LEXIS
               50892 (WD Va 2008)

               *  prosecution declined by US Attorney June 2008

            *  motion to sanction US Attorney

               *  denied United States v Henry 2017 US Dist LEXIS 40912
                  (ED Va 2017) affirmed United States v Henry 2016 US Dist
                  LEIS 185777 (ED Va 2017)

               *  some catalyst relief obtained

Jul 2008:   Unnamed Citizen A (Annette Reddick) v White 410 BR 195 (Bankr

-4-

WD Va 2008) WD Va Case No 09-cv-0057

    * judgment against me for about $250,000 plus $610,000 in
      attorney's fees Unnamed Citizen A (Annette Reddick) v White
      2011 US Dist LEXIS 155395 (WD Va 2011)

        * affirmed Unnamed Citizen A (Reddick) v White 468 Fed Appx
          330 (4th Cir 2012)

Oct 2008:   United States v White ND Ill 08-cr-851 charging 18 USC §373
            solicitation of a crime of violence / 18 USC §1503 jury tamper-
            ing

    * dismissed United States v White 638 F Supp 2d 935 (ND Ill
      2009)

    * reinstated United States v White 610 F 2d 956 (7th Cir 2010)

    * convicted at trial Jan 5 2011

    * vacated United States v White 779 F Supp 2d 778 (ND Ill 2011)

    * reinstated United States v White 690 F 3d 1005 (7th Cir 2012)

    * cert denied  White v United States 133 S Ct 1740 (2013)

    * sentenced to 42 months imprisonment

    * §2255 filed Dec 2013 ND Ill Caes No 13-cv-9042

        * denied after hearing May 5 2016

        * appeal denied Jan 2017

    * PFA                   on new evidence of torture In Re: White
      7th Cir App No 17-1143

        * denied

        * 60(b) filed in District Court Mar 2017

            * pending

    * recall the mandate filed Jul 1 2016 7th Cir Case No unknown

      * denied Jul 14 2016

        * cert denied White v United States 196 L Ed 2d 200 (2016)
          Oct 3 2016

    * motion to vacate pursuant to 28 USC §1651 filed Jan 2017
      ND Ill 16-cv-10950

> > \* pending

> \* PFA on Dimaya filed Apr 2018 In Re: White App No: 18-1899
>
>   \* denied May 2018
>
> \* §2241 on new evidence of Brady violations filed Jun 2018 White v True SD Ill 18-cv-1225
>
>   \* denied
>
>   \* refiled as §2255 White v United States ND Ill 18-cv-5053
>
>     \* pending

Dec 2008:   United States v White WD Va 08-cr-054 charging 18 USC §875(b) extortion, 18 USC §1512(b) witness tampering, 18 USC § 875(c) threats five counts

> \* acquitted at trial Dec 2009 18 USC §875(b), two counts 18 USC §875(c), convicted of balance
>
> \* vacated one count 18 USC §875(c) Apr 10 2010 United States v White 2010 US Dist LEXIS 35999 (WD Va 2010)
>
> \* sentenced 30 months imprisonment Apr 10 2010
>
>   \* vacated, remanded Mar 31 2012 United States v White 458 Fed Appx 228 (4th Cir 2012)
>
>   \* resentenced to 33 months imprisonment
>
> \* sentenced 10 months imprisonment for violation of supervised release Sep 2012
>
> \* §2255 filed Feb 2013
>
>   \* denied Apr 2013 White v United States 2013 US Dist LEXIS 52063 (WD Va 2013)
>
>   \* appeal denied White v United States 536 Fed Appx 339 (4th Cir 2013)
>
> \* coram nobis denied Mar 2015 United States v White 2015 US Dist US DIst LEXIS 35314 (WD VA 2015)
>
>   \* appeal denied United States v White 608 F Appx 160 (4th Cir 2015)

* cert denied <u>White v United States</u> 135 S Ct 343 (2015)

    \* §2241 on sentence calculation WD Va Dec 2013 Case No unknown

       \* dismissed without prejudice

       \* refiled Nov 2017 <u>White v True</u> 2017 US Dist LEXIS 207455

       (SD Ill 2017)

         \* settled favorably, voluntarily dismissed Aug 2018

  \* PFA on <u>Elonis</u> denied Jan 2016 <u>In Re: White</u> 4th Cir App No

    15-423

      \* §2241 filed Feb 2016 <u>White v Owens</u> ND Ill Case No 16-2514

      <u>nunc sub nom White v True</u> 2017 US Dist LEXIS 24148 (SD Ill

      2017) SD Ill 16-cv-1374

  \* §2255 on <u>Brady</u> violations filed Aug 2018

    \* pending

  \* PFA for new evidence of actual innocence filed Nov/Doc 2018

  <u>In Re: White</u> 4th Cir App No: 18-382/18-417

    \* denied Jan 2019


Sep/Nov 2010: <u>White v Secor Inc</u> 2010 US Dist LEXIS 117805 (WD VA 2010)

  \* dismissed as frivolous / may be strike

Jun 2012: <u>United States v White</u> SD Fl 12-mj-2833

    \* 41(g) granted in part, denied in part <u>United States v White</u>

    2013 US Dist LEXIS 4627 (SD Fl 2013)

    \* 41(g) denied <u>United States v White</u> 2013 US Dist LEXIS 159642

    (SD Fl 2013)

    \* 41(g) denied late 2013

      \* appeal dismissed failure to prosecute

  \*\* 41(g) granted 2015

Feb 2013:   United States v White WD Va 13-cr-013 18 USC §875(b) extortion

four counts

* convicted at trial 18 USC §875(b) three counts, 18 USC
  §875(c) one count Nov 2 2013

* sentenced to 92 months imprisonment May 1 2014

* appeal denied Jan 2016 United States v White 810 F 3d 212
  (4th Cir 2016)

* cert denied May 5 2016 White v United States 194 L Ed 2d
  837 (2016)

* Rule 33 denied Jun 27 2016 United States v White 2016 US
  Dist LEXIS 82896 (WD Va 2016)

  * 59(e) denied Apr 28 2017

  * appeal denied United States v White 709 Fed Appx 191
    (4th Cir 2018) Jan 2018

* Rule 33 denied May 31 2017

  * appeal denied United States v White 708 Fed Appx 130
    (4th Cir 2018) Jan 2018

* §2255 filed Oct 2016 WD Va Case No 16-cv-80934

  * denied White v United States 2017 US Dist LEXIS 83694
    (WD VA 2017)

  * 59(e) converted to 60(b), denied White v United States
    2017 US Dist LEXIS 109049 (WD Va 2017)

  * appeal denied, conversion reversed White v United States
    709 Fed Appx 194 (4th Cir 2018)

  * cert denied Mar 30 2018

  * 60(b) for fraud upon the court filed No 2018

    * pending

* numerically second §2255 on new evidence of Brady filed
  Mar 2018 WD Va 18-81307

  * dismissed without prejudice May 18 2018  United States
    v White 2018 US Dist LEXIS 83171 (WD Va 2018)

      97073 (WD VA 2018)

    \* appeal denied Sep 18 2018 <u>United States v White</u> Fed Appx

       188 (4th Cir 2018)

    \* refiled as §2241 <u>White v True</u> SD Ill 18-cv-1168 Jun 2018

      \* denied Jul 2018 <u>White v True</u> 2018 US Dist LEXIS

         <u>     </u> (SD Ill 2018)

      \* appeal 7th Cir App No: 18-2602

        \* IFP granted

        \* pending

Nov 2013: <u>United States v White</u> MD Fl 13-cr-304 18 USC §875(b) extortion

      five counts, 18 USC §1028(a)(7) aggravated identity theft

    \* convicted all coutns Sep 11 2014

    \* vacated 18 USC §1028(a)(7) Nov 2014 <u>United States v White</u>

      2014 US Dist LEXIS 197603 (MD Fl 2014)

    \* appeal denied Jul 2016 <u>United States v White</u> 2016 US App

      LEXIS 12076 (11th Cir 2016)

    \* cert denied Oct 11 2016 <u>White v United States</u> 196 L Ed 2d

      237 (2016)

    \* rule 33 denied Jun 7 2017 <u>United States v White</u> 2017 US Dist

      LEXIS 88167 (MD Fl 2017)

      \* affirmed Sep 2018 <u>United States v White</u> 738 Fed Appx

        188 (4th Cir 2018)

    \* §2255 filed May 2017 <u>White v United States</u> MD Fl Case No:

      17-cv-689

      \* pending

    \* §2241 on <u>Honeycutt</u> filed May 2018 <u>White v True</u> SD Ill 18-

      cv-1192

      \* denied Jul 2018 <u>White v True</u> 2018 US Dist LEXIS <u>    </u>

        (SD Ill 2018)

appeal                    7th Cir App No 16-2002

    *  IFP granted

    *  pending

Jun 2014:  White v Berger MD Fl 14-cv-936 nunc sub nom White v Shaw

    *  §1983 / Bivens action against Seminole County Florida,
two Seminole County Sheriffs, and, two US Marshals

    *  two related cases White v Eslinger MD Fl 14-cv-1247, and,
White v Fredericks MD Fl 14-cv-1249 dismissed for failure
to prosecute

    *  dismissed Jan 2015 as moot

       *  reversed on 59(e) Mar 2015

    *  summary judgment for defendants Mar 2016 White v Berger
2016 US Dist LEXIS 189260 (MD Fl 2016)

       *  reversed White v Berger 709 Fed Appx 532 (11th Cir 2017)

       *  costs taxed to defendants

    *  summary judgment for defendants Mar 2018

       * appeal pending as White v Shaw 18-11702

       *  certified non-frivolous

Aug 2016:  White v Department of Justice SD Ill 16-cv-948

    *  FOIA Suit

    *  summary judgment denied to defendants Jan 19 2018 White
v Dep't of Justice 2018 US Dist LEXIS 8750 (SD Ill 2018)

    *  catalyst relief beginning Feb 2018

    *  pending

Aug 2016:  White v United States SD Ill 16-cv-968

    *  FTCA action for battery, intentional infliction of emot-
ional distress, negligent infliction of emotional distress

    *  dismissed without prejudice Nov 22 2016 White v United
States 2016 US Dist LEXIS 161194 (SD Ill 2016)

* refiled <u>White v United States</u> SD Ill Case No 17-cv-683
  Jun 2017

   * screened non-frivolous Aug 25 2017 <u>White v United States</u>
  2017 US Dist LEXIS 136955 (SD Ill 2017)

   * counsel appointed Oct 2017

   * amended complaint screened non-frivolous Apr 2 2018

   * pending

Aug 2016:  <u>White v Office of Federal Defender</u> SD Ill 16-cv-971

   * FOIA claim

   * dismissed as "legally frivolous" <u>White v Office of Federal</u>
  2017 US Dist LEXIS 136024 (SD Ill 2017)

   * 59(e) denied <u>White v Office of Federal Defender</u> 2017 US
  Dist LEXIS 118027 (SD Ill 2017)

   * appeal voluntarily dismissed 7th Cir 17-2832

   * may be strike

May 2017:  <u>In Re:  William A White</u> 690 Fed Appx 798 (3rd Cir 2017)

   * mandamus

   * dismissed / catalyst relief Jun 2017

Jul 2017:  <u>White v Fredericks</u> MD Fl 17-cv-1489

   * §1983 claim against 16 Seminole County Florida Sheriffs

   * screened non-frivolous Jun 2018

   * pending

Oct 2017:  <u>White v Inch</u> SD Ill 17-cv-1059 <u>nunc sub nom</u> <u>White v Sloop</u>

   * <u>Bivens</u> claim on BOP mail policies

   * screened non-frivolous <u>White v Inch</u> 2017 US Dist LEXIS
  195102 (SD Ill 2017)

   * dismissed no US Const Amend I <u>Bivens</u> claim  Dec 2018
  <u>White v Sloop</u> 2018 US Dist LEXIS _____ (SD Ill 2018)

   * appeal pending 7th Cir No 18-3720

Mar 2018:    White v Executive Office of US Attorneys SD Ill 18-cv-841

     * FOIA action

     * IFP denied as non-indigent

     * pending

Jun 2018:    In Re:  Search Warrants D Or 08-mc-9122

     * motion to unseal

     * granted Aug 2018

Jun 2018:    In Re: 2008-2010 Grand Jury Proceedings D Or Case No unknown

     * motion to unseal

     * pending

Sep 2018:    White v United States SD Ill 18-cv-1682

     * FTCA / Bivens action against United States, and, five BOP employees for negligence, medical malpractice, violations of US Const Amend I, V, and, VIII

     * counseled;  malpractice certified by physician

     * pending, and, pending joinder with White v United States 17-cv-683

Nov 2018:    White v United States D Or 18-cv-2150

     * FTCA / Bivens / WA / SCA / Civil RICO / CFAA / RFRA action against sixteen FBI/DOJ employees for obstruction of justice in United States v White WD Va 08-cr-054, and, ND Ill 08-cr-851

     * pending

Feb 2019:    White v Department of Homeland Security SD Ill Case No pending

     * FOIA / APA action

     * pending

More detailed information about the above is available upon request.

III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution?  ☒ Yes    ☐ No

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?
                                        ☐ Yes    ☒ No

C.   If your answer is YES,
    1.   What steps did you take?

        n/a

    2.   What was the result?

        n/a

D.   If your answer is NO, explain why not.

        This is a FOIA/APA/general injunctive action against other agencies.

E.   If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?
                                 ☐ Yes    ☒ No

F.   If your answer is YES,
    1.   What steps did you take?

        n/a

    2.   What was the result?

        n/a

G.   If your answer is NO, explain why not.

        n/a

H.   Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

        attached

(Rev. 7/2010)

IV.   STATEMENT OF CLAIM

A.   State here, as briefly as possible, when, where, how, and by whom you feel
your constitutional rights were violated. Do not include legal arguments of
citations. If you wish to present legal arguments or citations, file a separate
memorandum of law. If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph. If your claims
relate to prison disciplinary proceedings, attach copies of the disciplinary
charges and any disciplinary hearing summary as exhibits. You should also
attach any relevant, supporting documentation.

Parties, Venue, Jurisdiction
----------------------------

1)   I am a federal prisoner serving a term of 384 months imprisonment
     for four consecutive sentences in the United States Penitentiary ("USP")
     -- Marion in Marion, IL within the Southern District of Illinois.

2)   Defendants Department of Homeland Security, United States Postal Serv-
     ice, Secret Service, Civil Rights Division, and, Federal Bureau of
     Investigation are federal agencies.

3)   This court has jurisdiction over the Freedom of Information Act claims
     pursuant to 5 USC § 552(a)(4)(B).

4)   This court has jurisdiction over the Administrative Procedures Act
     claims pursuant to 5 USC §701, et seq.

5)   This court has jurisidiction to enjoin violations of the US Constitut-
     ion pursuant to Marbury v Madison  2 L Ed 60   (1803).

6)   This court has venue pursuant to 5 USC §552(a)(4)(B).

Statement of Facts
------------------

Department of Homeland Security FOIA #2019-OBFO-08761
----------------------------------------------------

7)   On November 15, 2018, I mailed the FOIA request of Exh A(a) to the

(Rev. 7/2010)

Department of Homeland Security ("DHS") at their published FOIA address requesting all agency records in their possession regarding myself, all in conformance with published DHS rules, and, including a certification of identity under oath as required by 6 CFR §5.21(6).

8) Over the course of the period December 13, 2018, to January 11, 2019, I exchanged letters with DHS in which DHS stated that they would not release records to me unless I provided a fingerprint card, and, I asked them to please provide a regulatory, or, statutory, justification for this request.  There is no regulatory, or, statutory, justification for this policy, and, DHS refused to identify any avenue of appeal, making DHS' refusal to promptly provide the requested records a "final agency action".

United States Postal Service
----------------------------

9) On November 19, 2018, I mailed the FOIA request  of Exh B(a) to the United States Postal Service at their published FOIA address requesting all agency records in their possession regarding myself, all in conformance with published USPS rules.

10) I received no response to the request of para  9, supra.

Secret Service FOIA #20190170
----------------------------

11) On November 19, 2018, I mailed the FOIA request of Exh C(a) to the United States Secret Service ("USSS") requesting all agency records in their possession regarding myself, all in conformance with published USSS rules.

12) Between December 4, 2018, and, December 10, 2018, the USSS requested that I resubmit the required certificate of identity, which I did.

13) I have received no further response to the request of para 12 , supra.

Civil Rights Division
--------------------

14)  On December 2, 2018, I mailed the FOIA request of Exh D(a) to the
     Department of Justice's Civil Rights Division ("CRD") requesting all
     agency records in their possession regarding myself, all in conform-
     ance with published CRD rules.

15)  I received no response to the FOIA request of para 14, supra.

Federal Bureau of Investigation
-------------------------------

16)  On February 28, 2018, I mailed Exh E(a) to the Federal Bureau of
     Investigation ("FBI") requesting, in relevant part, all agency re-
     cords in their possession regarding:
     a)  Liberty Lobby FOIA #1398649-000; and,
     b)  the killing of a Philipino youth at a Kentucky county fair,
         FOIA #1399043-000;
     all in conformance with published FBI rules.

17)  On June 2, 2018, I mailed the FOIA request of Exh E(b) to the FBI
     requesting, in relevant part, all agency records in their possession
regarding an April 21, 2018, National Socialist Movement ("NSM") rally in
     Newman, Georgia, FOIA #1408321-000, in conformance with published
     FBI regulations.

18)  On July 31, 2018, I mailed the FOIA request of Exh E(c) to the FBI
     requesting all agency records in their possession regarding the Dom-
     estic Terrorism Operations Units ("DTOUs"), FOIA #1413107-000, with
     several specific categories of records named, including organizational
     structure, operations, formal mission statements, or, descriptions,
     of the units, names of all persons who have served in the DTOUs, and,
     their dates of service, intra-agency relationships with other units,
     disruption operation methodology, and, all disruption operations

with published FBI regulations.

19) On August 21, 2018, I mailed the FOIA request of Exh E(d) to the FBI
requesting all agency records in their possession regarding, in rel-
evant part:

a) Harold Covington of Port Orchard, WA deceased 7/21/2018, FOIA #
1414897-000;

b) the First Freedom newspaper, FOIA #1414831-000;

c) the Northwest Front, FOIA #1414841-000;

d) Unite the Right II rally in Washington, DC, August 2018 FOIA #
1414851-000;

e) Loyal White Knights of the Ku Klux Klan, FOIA #1414883-000;

all in conformance with published FBI regulations.

20) On November 10, 2018, I mailed the FOIA request of Exh E(e) to the FBI
requesting all agency records in their possession regarding an NSM
rally held that day in Little Rock, Arkansas, FOIA #1422633-000, all
in conformance with published FBI regulations.

21) The FBI has not complied with the FOIA requests of para 16-20, supra.

22) I have two FOIA actions pending in part against the FBI, namely White
v Dep't of Justice SD Ill 16-cv-948, and, White v Exec Ofc of US Attys
SD Ill 18-cv-841.

23) As a result of having been denied summary judgment in White v Dep't of
Justice SD Ill 16-cv-948, the FBI has begun to "review" 500 pages of
documents for release per month, and, has released in some part about
1300 pages of documents, or, about 150 pages of documents per month.

24) In litigating White v Dep't of Justice, the FBI has "aggregated" the
requests in that action, which it admits consist of over 100,000 pages

records, and, has asked the court to allow it to continue at its
its current rate, which will take over 17.5 years (and, likely closer
to 43 years, as I estimate over 250,000 pages of records are involved.)

25)  On about Decmber 11, 2018, summons  for White v Exec Ofc of US Attys
     was served upon David Hardy of the FBI's  Records/Information Dissem-
     ination Section.

26)  On January 11, 2019, I received from David Hardy several letters like
     Exh F(e)(v), stating that all of my pending FOIA requests would be
     "aggregated" with the FOIA requests pending in White v Dep't of Justice
     and, placed at the end of Hardy's 17.5 to 43 year long queue.  This
     was allegedly because of the "resources" being used to process the
     requests, though the FBI is not actually using any resources to pro-
     cess most of the requests, as it is refusing to respond to them, or,
     process any records at all.

COUNT ONE:  VIOLATION OF THE FREEDOM OF INFORMATION ACT DHS FOIA #2019-
            OBFO-08761
--------------------------------------------------------------------------

27)  The facts of para 1-26, supra, are hereby incorporated by reference.

28)  DHS violated 5 USC §552 by the acts of para  7-8 , supra, including:
     a)  5 USC §552(a)(6)(A) by failing to make a determination as to
         whether, or, not, to release the records within 20 days of my
         request;
     b)  5 USC §552(a)(3)(A), by failing to make the records promptly
         available to me;
     c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search
         for records responsive to my request.

COUNT TWO:  VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT
----------------------------------------------------------------
29)  The facts of para 1-26, supra, are hereby incorporated by reference.

30)  DHS' policy of requiring FOIA requesters to provide an original finger print card to obtain records violates 5 USC §552,        6 CFR §5.21(6), and/or, other regulatory, statutory, or, Constitutional provisions, and, was applied in an arbitrary, and/or, capricious, manner to me, all in violation of 5 USC §701, et seq.

COUNT THREE:  VIOLATION OF THE FREEDOM OF INFORMATION ACT USPS
----------------------------------------------------------------

31)  The facts of para 1-26, supra, are hereby incorporated by reference.

32)  USPS violated 5 USC §552 by the acts of para 9-10, supra, including:

   a)  5 USC §552(a)(6)(A), by failing to make a determination as to whether, or, not, to release records within 20 days of my request;

   b)  5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

   c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request.

COUNT FOUR:  VIOLATION OF THE FREEDOM OF INFORMATION ACT USSS #20190170
----------------------------------------------------------------

33)  The facts of para 1-26, supra, are hereby incorporated by reference.

34)  USSS violated 5 USC §552 by the acts of para 11-13, supra, including:

   a)  5 USC §552(a)(6)(A), by failing to make a determination as to whether, or, not, to release records to me within 20 days of my request;

   b)  5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

   c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request.

COUNT FIVE:  VIOLATION OF THE FREEDOM OF INFORMATION ACT CRD
----------------------------------------------------------------

35)  The facts of para 1-26, supra, are hereby incorporated by reference.

36)  CRD violated 5 USC §552 by the acts of para 23-24, supra, including:

    a)  5 USC §552(a)(6)(A), by failing to make a determination as to

       whether, or, not, to release records within 20 days of my request;

    b)  5 USC §552(a)(3)(A), by failing to make the requested records

       promptly available to me;

    c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for

       records responsive to my request.

COUNT SIX:  VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA #1398649-
           000
------------------------------------------------------------------------

37)  The facts of para 1-26, supra, are hereby incorporated by reference.

38)  The FBI violated 5 USC §552 in regards to FOIA request #1398649-000,

    Liberty Lobby  , including:

    a)  5 USC §552(a)(6)(A), by failing to make a determination as to wheth-

       er, or, not, to release records within 20 days of my request;

    b)  5 USC §552(a)(3)(C), by failing to make the requested records

       promptly available to me;

    c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for

       records responsive to my request;

    d)  5 USC §552(b)(6)-(7), by wrongfully excluding records, and/or,

       segregable portions of records, from disclosure.

COUNT SEVEN:  VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA #1399043-
           000
------------------------------------------------------------------------

39)  The facts of para 1-26, supra, are hereby incorporated by reference.

40)  The FBI violated 5 USC §552 in regards to FOIA request #1399043-000,

    the killing of a Philipino youth at a Kentucky county fair, including:

    a)  5 USC §552(a)(6)(A), by failing to make a determination as to

whether, or, not, to release records within 20 days of my request;

b) 5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

c) 5 USC § 552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request.

COUNT EIGHT:  VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA #1408321-000

---------------------------------------------------------------------

41)  The facts of para 1-26, supra, are hereby incorporated by reference.

42)  The FBI violated 5 USC §552 in regards to FOIA request #1408321-000, an April 21, 2018, NSM rally in Newman, Georgia, including:

a) 5 USC §552(a)(6)(A), by failing to make a determination as to whether, or, not, to release records within 20 days of my request;

b) 5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

c) 5 USC §552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request.

COUNT NINE:  VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA #1414897-000

---------------------------------------------------------------------

43)  The facts of para 1-26, supra, are hereby incorporated by reference.

44)  The FBI violated 5 USC §552 in regards to FOIA request #1414897-000 Harold Covington, including:

a) 5 USC §552(a)(6)(A), by failing to make a determination as to whether, or, not, to release records within 20 days of my request;

b) 5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

c) 5 USC §552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request.

COUNT TEN:   VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA #1414841-000

---------------------------------------------------------------------

45)  The facts of para 1-26, supra, are hereby incorporated by reference.

46)  The FBI violated 5 USC §552 in regards to FOIA request #1414831-000, First Freedom Newspaper, including:

   a)  5 USC §552(a)(6)(A), by failing to make a determination as to whether, or, not, to release records within 20 days of my request;

   b)  5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

   c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request;

   d)  5 USC §552(a)(6)(b), by improperly invoking unusual circumstances, and, improperly aggregating the request.

COUNT ELEVEN:   VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA #1414841-000

---------------------------------------------------------------------

47)  The facts of para 1-26, supra, are hereby incorporated by reference.

48)  The FBI violated 5 USC §552 in regards to FOIA request #1414841-000, the Northwest Front, including:

   a)  5 USC §552(a)(6)(A), by failing to make a determination as to whether, or, not, to release records within 20 days of my request;

   b)  5 USC §552(a)(3)(A), by failing to make the requested records promptly available to me;

   c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for records responsive to my request;

   d)  5 USC §552(a)(6)(B), by improperly invoking unusual circumstances, and, improperly aggregating the requests.

COUNT TWELVE:   VIOLATION OF THE FREEDOM OF INFORMATION FBI FOIA #1414851-
                000

------------------------------------------------------------------------

49)  The facts of para 1-26, supra, are hereby incorporated by reference.

50)  The FBI violated 5 USC §552 in regards to FOIA request #1414851-000,
     the August 21, 2018, Washington, DC Unite the Right Rally II, includ-
     ing:

     a)  5 USC §552(a)(6)(A), by failing to make a determination as to
         whether, or, not, to release records within 20 days of my request;

     b)  5 USC §552(a)(3)(A), by failing to make the requested records
         promptly available to me;

     c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for
         records responsive to my request;

     d)  5 USC §552(a)(6)(B), by improperly invoking unusual circumstances,
         and, improperly aggregating the request.

COUNT THIRTEEN:   VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA
                  #1414883-000

------------------------------------------------------------------------

51)  The facts of para 1-26, supra, are hereby incorporated by reference.

52)  The FBI violated 5 USC §552 in regards to FOIA request #1414883-000,
     the Loyal White Knights of the Ku Klux Klan, including:

     a)  5 USC §552(a)(6)(A), by failing to make a determination as to
         whether, or, not, to release records within 20 days of my request;

     b)  5 USC §552(a)(3)(A), by failing to make the requested records
         promptly available to me;

     c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search for
         records respnsive to my request;

     d)  5 USC §552(a)(6)(B), by improperly invoking unusual circumstances,
         and, improperly aggregating the request.

COUNT FOURTEEN:  VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA

#1422633-000
------------------------------------------------------------------

53)  The facts of para 1-26, supra, are hereby incorporated by reference.

54)  The FBI violated 5 USC §552 in regards to FOIA request #1422633-000,

a November 10, 2018, NSM rally in Little Rock, Arkansas, including:

a)  5 USC §552(a)(6)(A), by failing to make a determination as to

whether, or, not, to release records within 20 days of my request;

b)  5 USC §552(a)(3)(A), by failing to make the requested records

promptly available to me;

c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search

for records responsive to my request;

d)  5 USC §552(a)(6)(B), by improperly invoking unusual circumstances,

and, improperly aggregating the request.

COUNT FIFTEEN: VIOLATION OF THE FREEDOM OF INFORMATION ACT FBI FOIA

#1413107-000
------------------------------------------------------------------

55)  The  facts of para 1-26, supra, are hereby incorporated by reference.

56)  The FBI violated 5 USC §552 in regards to FOIA request #1413107-000

the Domestic Terrorism Operations Units, including:

a)  5 USC §552(a)(6)(A), by failing to make a determination as to

whether, or, not, to release records within 20 days of my request;

b)  5 USC §552(a)(3)(A), by failing to make the requested records

promptly available to me;

c)  5 USC §552(a)(3)(C), by failing to conduct a reasonable search

for records responsive to my request.

COUNT SIXTEEN:  CONSTITUTIONAL COMMON LAW VIOLATION OF US CONST AMEND I
------------------------------------------------------------------
57)  The facts of para 1-26, supra, are hereby incorporated by reference.

future FOIA requests, and, to place them at the end of a multi-decade long queue, all in retaliation for my lawful exercise of my rights under 5 USC §552, including my right to judicial enforcement of 5 USC §552, violated US Const Amend I, as described <u>para</u> 22-26, supra.

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

Injunctive, and, declarative, relief, costs, and, other
relief as appropriate.

## VI.   JURY DEMAND (*check one box below*)

The plaintiff ☐ does  ☒ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: _____2/12/19_____
(date)

_____William White_____
Signature of Plaintiff

USP-Marion PO Box 1000
Street Address

William A White
Printed Name

Marion, IL 62959
City, State, Zip

#13888-084
Prisoner Register Number

_____
Signature of Attorney (if any)

(Rev. 7/2010)

February 10, 2019

Clerk

United States District Court for the

     Southern Distict of Illinois

750 Missouri Ave Room 104

East St Louis, Il 62201


Re:  New FOIA Action <u>White v Department of Homeland Security</u>

Dear Clerk:

    Enclosed please find a new FOIA, APA, and, general injunctive, action <u>White v Department of Homeland Security</u>, et al.  A third party will be forwarding the fee as soon as a case number is assigned.

    I have enclosed summonses for each of the five defendants.  Please return the summonses signed, and, sealed, so that I may  serve them.

    Thank you.

                                   Sincerely,

                                   William A White #13888-084
                                   USP-Marion
                                   PO Box 1000
                                   Marion, IL 62959